FILED
APR 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CEVELA TERASNA,<br>8210 New Hampshire Avenue, NW<br>Silver Spring, MD 20903<br><br>       Plaintiff,<br><br>       v.<br><br>HYATT CORPORATION,<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br><br>       Defendant. | Case: 1:08-cv-00756<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 4/30/2008<br>Description: Employ. Discrim. |



## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

Defendant Hyatt Corporation ("Hyatt"), by and through its undersigned counsel, hereby files this Notice of Removal Pursuant to 28 U.S.C. §§ 1441, *et seq*. In support of its Notice of Removal, Hyatt respectfully states and alleges as follows:

1. On April 3, 2008, plaintiff Cevela Terasna commenced a civil action against Hyatt in the Superior Court of the District of Columbia, Civil Division. A true and correct copy of plaintiff's Complaint and Summons is attached hereto as Exhibit A. On April 3, 2008, the Superior Court issued its Initial Order and Addendum. A true and correct copy of the Court's Initial Order is attached hereto as Exhibit B. Hyatt was served with plaintiff's Complaint on April 10, 2008. There have been no further proceedings in the above-titled action in the Superior Court of the District of Columbia.

1

2.    The above-titled action is one over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a). Removal of this action therefore is proper under 28 U.S.C. § 1441(a)-(b).

3.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff alleges in her Complaint that defendant has violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (*See* Complaint ¶¶ 1, 12.)

4.    This Court also has original jurisdiction over plaintiff's District of Columbia Human Rights Act claim pursuant to 28 U.S.C. § 1332(a) because plaintiff and defendant are citizens of different states and the amount in controversy is in excess of $75,000. (Complaint ¶¶ 1, 15.) Plaintiff is a resident and citizen of the State of Maryland. (Complaint ¶ 3.) Hyatt is an Delaware corporation with its principal place of business in Illinois. *See* 28 U.S.C. § 1332(c)(1) (a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Plaintiff seeks damages in the amount of $300,000. (*See* Complaint, Demand for Relief.); *see also, e.g., St. Paul Marine Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-92 (for purposes of determining amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"). Diversity jurisdiction thus exists over plaintiff's District of Columbia law claims. 28 U.S.C. § 1332(a).

5.    In the event the Court does not have original jurisdiction over plaintiff's District of Columbia Human Rights Act claim, the Court has supplemental jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1367(a) because this claim is so related to plaintiff's federal ADA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Pursuant to 28 U.S.C. §§ 1446(b), this Notice of Removal is being filed with the Court within 30 days after Hyatt accepted service of the Summons and Complaint.

7.  Pursuant to 28 U.S.C. § 1446(a), Hyatt has attached a true and correct copy of all process, pleadings, and orders served upon it prior to the filing of this Notice of Removal.

8.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon plaintiff, and a copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the District of Columbia, Civil Division.

9.  Pursuant to § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED: April 30, 2008

> Respectfully submitted,
>
> _____
> Nathan J. Oleson (D.D.C. Bar No. 468592)
> AKIN GUMP STRAUSS HAUER & FELD, LLP
> 1333 New Hampshire Avenue, NW
> Washington, DC 20036
> Telephone: (202) 887-4000
> Facsimile: (202) 887-4288
>
> ATTORNEY FOR DEFENDANT
> HYATT CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing Notice of Removal was served this 30th day of April, 2008 via first-class U.S. mail, postage prepaid, on the following:

>Alan Lescht
>ALAN LESCHT & ASSOCIATES, P.C.
>1050 17th Street, NW, Suite 220
>Washington, DC 20036

_____
Nathan J. Oleson

**EXHIBIT A**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Cevela Terasna | * | Civ. Action No. |
| 8210 New Hampshire Ave. | * | |
| Silver Spring, MD 20903 | * | JURY TRIAL DEMANDED |
| | * | |
| | * | |
| Plaintiff, | * | 0002658-08 |
| v. | * | |
| | * | |
| Hyatt Corporation | * | |
| 1000 H St., NW | * | |
| Wash., DC 20903 | * | |
| | * | |
| Defendant. | * | |



## COMPLAINT

Plaintiff Cevela Terasna, by counsel, complains of the Defendant as follows:

### JURISDICTION AND VENUE

1. This action alleges that defendant violated the DC Human Rights Act and Americans with Disabilities Act.

2. Personal jurisdiction and venue are proper because Defendant formerly employed Plaintiff in the District of Columbia, Plaintiff resides here, and the alleged unlawful acts took place here. This action was filed within 90-days after Plaintiff received his right to sue letter from the EEOC.

### THE PARTIES

3. Plaintiff resides at 8210 New Hampshire Ave., Silver Spring, MD.

4. Plaintiff is considered to be a disabled person within the meaning of the DC Human Rights Act and ADA because she suffers from a physical impairment that substantially limits one or more of her major life activities, Defendant had a record of her impairment, Defendant perceived her as if she were disabled, and she at all times was able to perform the essential functions of her job with reasonable accommodations.

08 0756

**FILED**

APR 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts



5. On information and belief, defendant Hyatt Corporation is a corporation that formerly employed Plaintiff in the District of Columbia at 1000 H St., NW, Wash., DC and employs more than 15 people.

## FACTS

6. Plaintiff was formerly employed by defendant as a housekeeper at its hotel between 1988 and in or about October 2006.

7. Plaintiff took medical leave from work between in or about April-October 2006 during which time she underwent a knee replacement.

8. Plaintiff's health care provider requested that Defendant return Plaintiff to work from medical leave on a modified schedule as a reasonable accommodation for her physical impairment but Defendant declined and terminated her employment.

9. Plaintiff has sustained damages as a result of the foregoing unlawful acts consisting of lost pay, front pay, lost benefits, emotional distress, mental anguish, pain and suffering, and inconvenience.

10. Defendant acted in bad faith, with malice, and in reckless disregard of Plaintiff's civil rights.

## COUNT 1

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1-10 as if more fully set forth herein.

12. By and through its conduct, Defendant violated the federal Americans with Disabilities Act by denying Plaintiff reasonable accommodations and terminated her employment.

13. Plaintiff demands a trial by jury.

## COUNT 2

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1-10 as if more fully

set forth herein.

15. By and through its conduct, Defendant violated the DC Human Rights Act by denying Plaintiff reasonable accommodations and terminating her employment.

16. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on Counts 1 and 2 and damages in the amount of $300,000, or such other amount as the jury determines should be awarded, consisting of back-pay, front-pay, lost benefits, compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, punitive damages, reasonable attorney's fees and such other relief as the Court deems just and fair.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date:    April 3, 2008
         Washington, D.C.

Alan Lescht & Associates, P.C.

By: _____
    Alan Lescht
D.C. Bar No. 441691
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff

3

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Cevela Terasna
8210 New Hampshire Ave.
Silver Spring, MD 20903 *Plaintiff*

vs.

Civil Action No. 0002658-08

Hyatt Corporation
1000 H St., NW        *Defendant*
Washington, DC 20903

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan Lescht
Name of Plaintiff's Attorney

1050 17th Street, NW, #220
Address
Washington, DC 20036

202463-6036
Telephone

By _Adrienne J. Marsh_
Deputy Clerk

Date 4/3/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

**EXHIBIT B**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

CEVELA TERASNA
Vs.
HYATT CORPORATION

C.A. No.    2008 CA 002658 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date: April 3, 2008
Initial Conference: 9:30 am, Friday, July 11, 2008
Location: Courtroom 519
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

08 0756

**FILED**

APR 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

# EXHIBIT C

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| CEVELA TERASNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. No. 2008-CA-002548-B |
| v. ) | |
| ) | |
| HYATT CORPORATION, ) | **NOTICE OF FILING OF REMOVAL** |
| ) | |
| Defendant. ) | |

TO:  THE HONORABLE CLERK OF THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION:

PLEASE TAKE NOTICE that defendant Hyatt Corporation ("Hyatt") filed its Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the District of Columbia on April 30, 2008.

You are also advised that Hyatt has filed a copy of this Notice of Filing of Removal together with a copy of the Notice of Removal attached hereto with the Clerk of the United States District Court for the District of Columbia in accordance with 28 U.S.C. § 1446(d). Defendant's Notice of Removal is not intended to and does not waive any objection Hyatt may have to venue or jurisdiction in the Superior Court for the District of Columbia.

Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further in this cause unless and until this action is remanded to this Court. Absent an entry of a remand Order by the District Court, this Court is divested of jurisdiction in this case and is hereby requested to stay all proceedings.

08 0756

**FILED**

APR 30 2008

**Clerk, U.S. District and Bankruptcy Courts**

DATED: April 30, 2008

                                   Respectfully submitted,

                                   _____
                                   Nathan J. Oleson (D.C. Bar No. 468592)
                                   AKIN GUMP STRAUSS HAUER & FELD, LLP
                                   1333 New Hampshire Avenue, NW
                                   Washington, DC  20036
                                   Telephone: (202) 887-4000
                                   Facsimile: (202) 887-4288

                                   ATTORNEY FOR DEFENDANT
                                   HYATT CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copy of the foregoing Notice of Removal was served this 30th day of April, 2008 via first-class U.S. mail, postage prepaid, on the following:

        Alan Lescht
        ALAN LESCHT & ASSOCIATES, P.C.
        1050 17th Street, NW, Suite 220
        Washington, DC 20036

        _____
        Nathan J. Oleson

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Cevela Terasna

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Hyatt Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan Lescht
Alan Lescht & Associates, P.C.
1050 17th St, NW, Suite 220
Washington, DC 20036
(202) 463-6036

Case: 1:08-cv-00756
Assigned To : Urbina, Ricardo M.
Assign. Date : 4/30/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ⊗ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Americans with Disabilities Act, 42 U.S.C. Sec. 12101, et seq. (disability discrimination)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE __April 30, 2008__   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Cevela Terasna_
Plaintiff

v.

Civil Action No. 08 0756

APR 3 0 2008

_Hyatt Corporation_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **URBINA, J. RMU**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: _Alan Lescht_

929A
Rev. 7/02