IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CEVELA TERASNA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:08-CV-00756-RMU |
| HYATT CORPORATION, | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Hyatt Corporation ("Hyatt"), by and through its undersigned counsel, hereby files its answer to plaintiff Cevela Terasna's complaint. Hyatt denies each and every allegation in plaintiff's Complaint except as expressly admitted herein.

1.     Defendant admits that plaintiff purports to bring this action under the DC Human Rights Act and Americans with Disabilities Act in paragraph 1 of the Complaint. Defendant denies that it has violated these statutes, and denies any remaining allegations in paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations in paragraph 2 of the Complaint.

3.     Defendant admits the allegations in paragraph 3 of the Complaint.

4.     Defendant denies the allegations in paragraph 4 of the Complaint.

5.     Defendant admits the allegations in paragraph 5 of the Complaint.

6.     Defendant admits the allegations in paragraph 6 of the Complaint.

7.      Defendant admits the allegations in paragraph 7 of the Complaint.

8.      Defendant admits that plaintiff proposed returning to work following medical leave with restrictions.  Defendant further admits that plaintiff was removed from defendant's payroll in 2006.  Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant denies the allegations in paragraph 10 of the Complaint.

11.     Defendant incorporates by reference its responses to paragraphs 1-10 as its response to paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant admits that plaintiff requests a trial by jury in paragraph 13 of the Complaint.  Defendant denies any remaining allegations in paragraph 13 of the Complaint.

14.     Defendant incorporates by reference its responses to paragraphs 1-10 as its response to paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 15 of the Complaint.

16.     Defendant admits that plaintiff requests a trial by jury in paragraph 16 of the Complaint.  Defendant denies any remaining allegations in paragraph 13 of the Complaint.

17.     Defendant admits that plaintiff's Complaint requests damages in the amount of $300,000, or such other amount as the jury determines should be awarded, consisting of backpay, front-pay, lost benefits, compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, punitive damages, reasonable attorney's fees, and other relief. Defendant denies that plaintiff is entitled to any such relief, and denies any remaining allegations in plaintiff's Complaint.

## DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, release, and set-off.

4.      The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages.

5.      Any recovery to which plaintiff may be entitled is barred or reduced because of plaintiff's failure to mitigate damages.

6.      The Complaint and plaintiff's alleged recovery are barred to the extent that plaintiff has suffered no damages.

7.      Plaintiff's claims are barred because all of defendant's actions towards plaintiff were taken for legitimate, non-discriminatory reasons.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

9.      Plaintiff's claims are barred because defendant acted reasonably and in good faith at all times material herein, and any unlawful actions were not willful.

10.      Plaintiff's claims are barred because plaintiff was not disabled as defined by the Americans with Disabilities Act or the D.C. Human Rights Act.

11.      Plaintiff's claims are barred because plaintiff was not a qualified individual as defined by the Americans with Disabilities Act or the D.C. Human Rights Act.

12.    Plaintiff's claims are barred because plaintiff's requested accommodation(s) would have placed undue hardship on defendant.

Defendant reserves the right to add to this Answer and to rely upon other defenses disclosed by further investigation and discovery.

WHEREFORE, having fully answered the Complaint, defendant prays for relief as follows:

1.    For an Order dismissing plaintiff's Complaint with prejudice;

2.    For an Order granting defendant its attorneys' fees, costs, and disbursements incurred in defending this action; and

3.    Such other and further relief that the Court deems just and equitable.

DATED:  May 7, 2008

                                         Respectfully submitted,


                                          s/  Nathan J. Oleson
                                         Nathan J. Oleson (D.D.C. Bar No. 468592)
                                         AKIN GUMP STRAUSS HAUER & FELD, LLP
                                         1333 New Hampshire Avenue, NW
                                         Washington, DC  20036
                                         Telephone: (202) 887-4000
                                         Facsimile: (202) 887-4288

                                         ATTORNEY FOR DEFENDANT
                                         HYATT CORPORATION

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint was electronically filed with the Clerk of the Court using CM/ECF this 7th day of May, 2008.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

            s/ Nathan J. Oleson
            Nathan J. Oleson